UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
G. M. M., a minor child by his mother
and natural guardian, NIKI HERNANDEZ-ADAMS,      DOCKET NO. 1:13-CV-05059
and NIKI HERNANDEZ-ADAMS, individually,

                                                           **VERIFIED**
                                         Plaintiffs,       **AMENDED COMPLAINT**

                              -against-

                                                           PLAINTIFFS' DEMAND
                                                           A TRIAL BY JURY

MARK KIMPSON,

                                                Defendant.
-----------------------------------------------------------------

       On consent, by Stipulation signed by all parties, dated August 25, 2014, Plaintiffs, G. M. M. and NIKI HERNANDEZ-ADAMS, by their attorneys STEPHEN M. CANTOR, P.C., ATTORNEY AT LAW, as and for their Verified Amended Complaint against the defendant, respectfully show and allege:

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT MARK KIMPSON ON BEHALF OF INFANT PLAINTIFF G. M. M.**

       1.       At all times relevant hereto, infant plaintiff G. M. M. and plaintiff NIKI HERNANDEZ-ADAMS were residents of Kings County, City and State of New York.

       2.       At all times relevant hereto, plaintiff NIKI HERNANDEZ-ADAMS was and still is the mother and natural guardian of the infant plaintiff G. M. M. with full right and authority to prosecute this action and is presently acting in such capacity.

       3.       That at all times relevant hereto, the plaintiffs were tenants of the Ground Floor Apartment of a building located at 490 Macdonough Street, Brooklyn, NY 11233.

4. That at all times relevant hereto, upon information and belief, defendant, MARK KIMPSON, is a real estate landlord, residing at 19 Brevoort Place, Brooklyn, NY 11216.

5. That at all times relevant hereto, upon information and belief, defendant, MARK KIMPSON, owned an apartment building located at 490 Macdonough Street, Brooklyn, NY 11233.

6. That at all times relevant hereto, upon information and belief, defendant, MARK KIMPSON, and his agents, servants and/or employees were the managing entity of an apartment building including the Ground Floor Apartment located at 490 Macdonough Street, Brooklyn, NY 11233.

7. That at all times relevant hereto, upon information and belief, defendant, MARK KIMPSON, his agents, servants and/or employees maintained an apartment building including the Ground Floor Apartment of a building located at 490 Macdonough Street, Brooklyn, NY 11233.

8. That the said premises including the Ground Floor Apartment located at 490 Macdonough Street, Brooklyn, NY 11233 was constructed and erected prior to 1960.

9. That at all times relevant hereto, the apartment building located at 490 Macdonough Street, Brooklyn, NY 11233 is a multiple dwelling, having three or more residential units.

10. That at all times relevant hereto, the Ground Floor Apartment of a building located at 490 Macdonough Street, Brooklyn, NY 11233 contained lead-based paint on walls, doors, door frames, moldings, windows, window sills, baseboards, ceilings and other painted surfaces throughout the apartment.

11. That at all times relevant hereto, defendant, MARK KIMPSON, his agents, servants and/or employees were under a duty to keep the Ground Floor Apartment of a building located at 490 Macdonough Street, Brooklyn, NY 11233 in a reasonably safe and proper manner, in good repair and free from peeling lead paint, cracked lead paint, lead paint chips, lead paint particles and lead paint dust at levels above regulatory limits.

12. That at all times relevant hereto, defendant, MARK KIMPSON, his agents, servants and/or employees had actual knowledge that the Ground Floor Apartment of a building located at 490 Macdonough Street, Brooklyn, NY 11233 contained peeling lead paint, cracked lead paint, lead paint chips, lead paint particles and lead paint dust at levels above regulatory limits for an unreasonably long period of time.

13. That at all times relevant hereto, defendant, MARK KIMPSON, his agents, servants and/or employees had constructive knowledge that the Ground Floor Apartment of a building located at 490 Macdonough Street, Brooklyn, NY 11233 contained peeling lead paint, cracked lead paint, lead paint chips, lead paint particles and lead paint dust at levels above regulatory limits for an unreasonably long period of time.

14. That at all times relevant hereto, defendant, MARK KIMPSON, his agents, servants and/or employees had actual knowledge that an infant under the age of seven (7) years was a tenant, resided and spent a substantial amount of time in the Ground Floor Apartment of a building located at 490 Macdonough Street, Brooklyn, NY 11233.

15. That at all times relevant hereto, defendant, MARK KIMPSON, his agents, servants and/or employees negligently and recklessly allowed the peeling lead

paint, cracked lead paint, lead paint chips, lead paint particles, lead paint dust, among other dangerous and defective conditions, to exist in the Ground Floor Apartment of a building located at 490 Macdonough Street, Brooklyn, NY 11233 for an unreasonable period of time.

16.   That at all times relevant hereto, defendant, MARK KIMPSON, his agents, servants and/or employees negligently and recklessly violated laws, statutes, rules, regulations and administrative codes of the City and State of New York as well as the federal government by allowing the aforementioned lead-based paint and dangerous and defective condition(s) to exist in the Ground Floor Apartment of a building located at 490 Macdonough Street, Brooklyn, NY 11233 for an unreasonable period of time, in violation of Local Laws of The City of New York, including the New York City Childhood Lead Poisoning Prevention Act of 2003 and Article 14 of the Administrative Code of the City of New York, including, but not limited to:

>   Section 27-2056.1 Statement of Findings and Purposes: "The council finds that lead poisoning from paint containing lead is a preventable childhood disease and a public health crisis and ...the hazard in dwellings that may occur from lead paint is subject to many factors, such as the age of the a building and its maintenance..."

>   Section 27-2056.3  Owners' Responsibility to Remediate.

>   Section 27-2056.4  Owners' Responsibility to Notify Occupants and Investigate.

>   Section 27-2056.5  Presumption. a. "In any multiple dwelling erected prior to January 1, 1960, it shall be presumed that the paint or other similar surface-coating material in any dwelling unit where a child of applicable age resides... is lead-based paint..."

>   Section 27-2056.6  Violation in a Dwelling Unit.

>   Section 27-2056.8  Violation in a Dwelling Unit Upon Turnover.

Section 27-2056.17  Record Keeping Requirements.

Section 27-2056.18  Application of this article based on age of child. "For purposes of this article, the term 'applicable age' shall mean 'under seven years of age'..."

17.     That at all times relevant hereto, defendant, MARK KIMPSON, his agents, servants and/or employees negligently and recklessly failed to abate the lead-based paint in the Ground Floor Apartment of a building located at 490 Macdonough Street, Brooklyn, NY 11233 within a reasonable period of time.

18.     That at all times relevant hereto, defendant, MARK KIMPSON, his agents, servants and/or employees negligently and recklessly failed to abate the lead-based paint in the Ground Floor Apartment of a building located at 490 Macdonough Street, Brooklyn, NY 11233 in violation of the laws, statutes, rules, regulations and administrative codes of the City and State of New York as well as the federal government, including, among others:

> 42 U.S.C. Section 4852d. Disclosure of information concerning lead upon transfer of residential property.
> (a) Lead disclosure in purchase and sale or lease of target housing.
> (1) Lead-based paint hazards.
> Since October 28, 1995, the "regulations shall require that, before the purchaser or lessee is obligated under any contract to purchase or lease the housing, the seller or lessor shall-
>
> (A) provide the purchaser or lessee with a lead hazard information pamphlet, as prescribed by the Administrator of the Environmental Protection Agency under section 406 of the Toxic Substances Control Act [15 U.S.C. 2686];
>
> (B) disclose to the purchaser or lessee the presence of any lead-based paint, or any known lead-based paint hazards, in such housing and provide to the purchaser or lessee any lead hazard evaluation report available to the seller or lessor; and..."

  (3) Contents of lead warning statement.

  (4) Compliance assurance.
"Whenever a seller or lessor has entered into a contract with an agent for the purpose of selling or leasing a unit of target housing, the regulations promulgated under this section shall require the agent, on behalf of the seller or lessor, to ensure compliance with the requirements of this section."

 (b) Penalties for violations.
  (1) Monetary penalty;
  (3) Civil liability; and
  (4) Costs.

15 U.S.C. Section 2686 – Lead hazard information pamphlet.
 (a) Lead hazard information pamphlet
"...the Administrator of the Environmental Protection Agency, in consultation with the Secretary of Housing and Urban Development and the Secretary of Health and Human Services, shall publish...a lead hazard information pamphlet to be used in connection with this subchapter and section 4852d of title 42."

19. That as a result of defendant, MARK KIMPSON, his agents, servants and/or employees aforementioned negligence and reckless conduct, by failing to abate the lead-based paint in the Ground Floor Apartment of a building located at 490 Macdonough Street, Brooklyn, NY 11233 within a reasonable time, the infant plaintiff, G. M. M., was exposed to and was caused to inhale and ingest lead-based paint and lead-based paint dust thereby causing him to sustain severe injuries.

20. That the aforesaid exposure to lead-based paint occurred in the Ground Floor Apartment of a building located at 490 Macdonough Street, Brooklyn, NY 11233 from on or about August 1, 2011, the date of birth of the infant plaintiff, G. M. M., to on or about August 13, 2012.

21. That as a result of the foregoing, the infant plaintiff, G. M. M., was caused to and did sustain severe and permanent personal injuries and was required to seek and obtain medical care and attention and, upon information and belief, will be compelled to do so in the future.

22. That the aforesaid occurrence and the injuries sustained by this infant plaintiff, G. M. M., were caused wholly and solely by the negligence of and reckless disregard by the aforementioned defendant, MARK KIMPSON.

23. That this action falls within one or more of the exceptions to Article 16 of the CPLR.

24. That the infant plaintiff, G. M. M., sustained an indivisible injury allowing the plaintiffs to hold defendant jointly and severally liable.

25. The amount of damages sought exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

26. That as a result of the foregoing, the infant plaintiff, G. M. M., has been damaged in an amount to be determined by the jury at trial, but far in excess of the jurisdictional requirements of all lower courts.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT MARK KIMPSON ON BEHALF OF PLAINTIFF NIKI HERNANDEZ-ADAMS**

27. Plaintiffs repeat, reallege and reaffirm each and every allegation contained in Paragraphs "1" through "26" of this Verified Complaint, as if fully set forth herein.

28. That at all times relevant hereto, plaintiff, NIKI HERNANDEZ-ADAMS, was and still is entitled to the comfort, society and companionship of the infant plaintiff G. M. M.

29.  That as a result of the foregoing, this plaintiff, NIKI HERNANDEZ-ADAMS, has been deprived of the comfort, society and companionship of the infant plaintiff G. M. M. and, upon information and belief, will be so deprived in the future.

30.  That at all times relevant hereto, plaintiff, NIKI HERNANDEZ-ADAMS, has been caused to incur medical expenses on behalf of infant plaintiff G. M. M., and, upon information and belief, will be so compelled to do in the future.

31.  That as a result of the foregoing, this plaintiff, NIKI HERNANDEZ-ADAMS, has been damaged in an amount exceeding the jurisdictional limits of all lower courts.

**WHEREFORE**, infant plaintiff G. M. M., by his mother and natural guardian, NIKI HERNANDEZ-ADAMS, demands judgment against defendant on the First Cause of Action in an amount exceeding the jurisdictional limits of all lower courts, and plaintiff, NIKI HERNANDEZ-ADAMS, demands judgment against defendant on the Second Cause of Action in an amount exceeding the jurisdictional limits of all lower courts, all together with the costs and disbursements of this action.

Dated:  New York, New York
        August 25, 2014

STEPHEN M. CANTOR, P.C.,
ATTORNEY AT LAW

*[signature: Stephen M. Cantor]*

By:  STEPHEN M. CANTOR, ESQ.
Attorneys for Plaintiffs
Office and Post Office Address
325 Broadway, Suite 502
New York, New York 10007-1187
(212) 732-8456

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
G.M.M., a minor child by his mother
and natural guardian, NIKI HERNANDEZ-ADAMS,         DOCKET NO.: 1:13-CV-05059
and NIKI HERNANDEZ-ADAMS, individually,

                              Plaintiffs,            ATTORNEY
                                                     VERIFICATION
         -against-


MARK KIMPSON,

                              Defendant.
-------------------------------------------------------------------X
```

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF KINGS    )

    I, the undersigned, an attorney admitted to practice in the courts of New York State, state that I am a member of the firm of STEPHEN M. CANTOR, P.C., ATTORNEY AT LAW, the attorneys of record for Plaintiffs in the within action; I have read the foregoing Verified Amended Complaint and know the contents thereof; the same is true to my own knowledge, except as to matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the Plaintiffs is that Plaintiffs do not reside in the County where I maintain my offices for the practice of law.

    The grounds of my belief as to all matters not stated upon my own knowledge are as follows: conversations and meetings had with Plaintiffs, investigations conducted by my office and examination of file maintained by my office.

    I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:  New York, New York
         August 25, 2014

                                            STEPHEN M. CANTOR, ESQ.