UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
G.M.M., a minor child by his mother and natural
guardian, NIKI HERNANDEZ-ADAMS,
and NIKI HERNANDEZ-ADAMS, individually,

                              Defendants,      No.: 1:13-CV-05059

    v.

MARK KIMPSON,

                              Defendant.
-----------------------------------------------------------------X

**STATE OF NEW YORK** )
                           ) .ss:
**COUNTY OF KINGS** )

    **MARK KIMPSON,** being duly sworn, deposes and says that:

1. I am the defendant herein. As such, I am fully familiar with the facts and circumstances at issue in this matter.

2. I previously gave a deposition in this matter on July 23, 2014. While I stand by my testimony given therein, there were several aspects of this matter which require further explanation.

3. With respect to the ground level apartment at 490 MacDonough Street, Brooklyn, NY 11233, at issue herein, the apartment was fully renovated. It was re-sheetrocked with five-eights sheetrock all around. I also had the sheetrock primed and coated with two coats of paint. (See my deposition transcript at p. 10, 73) Additionally, the electrical, plumbing, and heating systems were upgraded. Id. I also installed all new fixtures and flooring. (See my deposition transcript at p. 15-16)

4. I have every reason to believe that all surfaces throughout the apartment were thoroughly cleaned post-renovation.

5. I am aware that covering a wall or surface which may contain lead-paint with new sheetrock and fresh paint is an acceptable means of encapsulating hazardous lead-paint surfaces.

6. When the work was being performed on the apartment, I personally would go to the apartment three times a week to observe the state of the renovations. (See my deposition transcript at p. 14) At all times, I saw that the appropriate sheetrock was being used by the contractor and that all necessary surfaces were being painted with two coats of the fresh, non-lead-based paint.

7. Ms. Hernandez-Adams ("Plaintiff") and her husband Joshua Mendez did not occupy the apartment until substantively, all the renovation work had been performed.

8. I did not realize however, that Plaintiff owned two dogs. Apparently this was the reason for their interest in the ground level apartment, given the access to the yard in back. (See deposition transcript of Plaintiff at p. 12)

9. As I performed regular maintenance and cleaning at the property, I came to realize that the two dogs were in fact vey active. On occasions whenever I had to speak with the Plaintiff, upon knocking on the apartment door, I would always hear the dogs run to the door and begin scratching frantically, as though they were trying to escape the apartment.

10. I observed later, after the purported lead-paint issue was raised, that in fact several of the walls and moldings within the apartment were severely scratched and damaged. Much of the paint in those areas was also in very poor condition. In fact the door to the apartment had to be completely replaced because it was damaged so heavily.

11. Given what I have come to understand, I believe the dogs disturbed the previously encapsulated lead-paint, thereby exposing same and creating the high levels of lead-paint dust throughout the apartment.

12. Further, notwithstanding, the lead-paint levels found in the testing performed by The New York City Department of Health and Mental Hygiene dated August 30, 2012 I have come to understand that those results likely were inaccurate given the use of the XRF device, which tends to "read thru" sheetrock.

13. There was no way for be to have known about the extent of the damage to the walls and molding made by the dogs prior to inspecting the apartment after the purported lead-paint issue was made known to me.

14. I believe the apartment, as renovated, complied with all acceptable workmanship and construction standards and was in a safe and habitable condition prior to Plaintiff moving in.

_____
Mark Kimpson

Sworn to before me this 16th
day of February, 2015

_____
Notary Public

ROGER V. ARCHIBALD
Notary Public, State c New York
No. 24—4989923
Qualified in Kings County
Commission Expires Dec. 23, 17