UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
G. M. M., a minor child by his mother
and natural guardian, NIKI HERNANDEZ-ADAMS,     Civil Action No.  1:13-CV-05059
and NIKI HERNANDEZ-ADAMS, individually,                              JBW-SMG

                              Plaintiffs,

                                                                                                 **PLAINTIFFS'
                                                                                          ANTICIPATED
                 -against-                                                               WITNESS
                                                                                          <u>TESTIMONY</u>**

MARK KIMPSON,

                                            Defendant.
------------------------------------------------------------------

<u>Trial Witnesses Testimony (Brief)</u>

1. Plaintiff Niki Hernandez-Adams

She will testify, among others, to the following:  Signing the lease and Disclosure of Information on Lead-Based Paint and/or Lead-Based Paint Hazards, her lack of knowledge of the dangers of lead-based paint and lead-based paint dust prior to the birth of G.M.M., the renovation of the subject apartment, the birth of G.M.M., residing in the subject apartment with her husband, son and 2 dogs, the elevated blood lead level of G.M.M., relocating to Florida and Dallas, Texas, neuropsychological examinations of G.M.M. and G.M.M.'s deficits, behavioral difficulties and her concerns for his future.

2. Joshua Mendez, husband of Plaintiff Niki Hernandez-Adams

Similar to 1 above.

3. Robert M. Gordon, Psy.D.

Plaintiffs' expert will testify to conducting 2 neuropsychological examinations of G.M.M.; the findings obtained, including, among others, IQ scores, diagnoses, deficits and behavioral issues.

4. Kenneth W. Reagles, Ph.D.

Plaintiffs' vocational, rehabilitation and economics expert will testify to examining the consequences of G.M.M.'s elevated blood-lead levels upon his future educational and vocational endeavors, the nature of his impairments and corresponding cognitive limitations secondary to lead poisoning, an overview of the permanent enduring problems associated with lead poisoning, the implications for developmental and

cognitive dysfunction, and the economic consequences of the probable diminution of G.M.M.'s future educational and vocational accomplishments.

5. Kristin K. Kucsma, M.A.

Plaintiffs' economics expert will testify to her appraisal of the economic loss resulting from the impairment of G.M.M.

6. Frank D. Tinari, Ph.D.

Plaintiffs' economics expert will testify to his appraisal of the economic loss resulting from the impairment of G.M.M.

7. Richard Troast, Ph.D.

Plaintiffs' Toxicology expert will testify, among others, to his employment with the EPA, his educational background, his work as a toxicologist, the toxic effects of lead, the impact of lead paint and lead paint dust on infants and toddlers, that G.M.M will suffer neurological impairment from his exposure to lead paint and lead paint dust, and the correlation between the child's exposure to lead resulting in a blood-lead level of 9 ug/dl and a diminished IQ.

8. Amy L. Glazer, M.D.

As a treating pediatrician, she will testify to the health and treatment of G.M.M during his first year of life, including his blood-lead level of 9 ug/dl at the age of one.

9. Rachel A. Frank, M.D.

As a treating pediatrician, she will testify to the health and treatment of G.M.M during his first year of life, including his blood-lead level of 9 ug/dl at the age of one.

10. Melissa A. Waters, M.D.

As a treating pediatrician, she will testify to the health and treatment of G.M.M from age one until the present, including his blood-lead levels and any deficits.

11. Defendant Mark Kimpson

We expect the defendant to testify to being a landlord in Brooklyn, New York for more than twenty years, to owning 5 or 6 brownstones in Brooklyn when he leased the subject apartment to the plaintiff and her husband, to owning the subject multiple dwelling, to not knowing whether there was lead paint in that apartment, to renovating said apartment by demolition, to not having any records of that renovation by demolition, to not knowing the name of the company or the full name of the person who performed that renovation, to knowing that G.M.M. resided in that apartment, to seeing G.M.M. playing on the floor of that apartment, to learning that G.M.M. had an elevated blood-lead level of 9 ug.dl, to hiring a company to test that apartment for lead and learning that lead paint was found throughout the apartment, to that apartment being inspected by the New York

City Department of Health and Mental Hygiene and learning they found twenty-three lead paint violations throughout that apartment.

Dated:  New York, New York
            June 16, 2015

<u>s/ Stephen M. Cantor</u>
Stephen M. Cantor (SC 8690)
Steven K. Frankel (SF 4428)
STEPHEN M. CANTOR, P.C.,
    ATTORNEY AT LAW
325 Broadway, Suite 502
New York, New York 10007-1187
(212) 732-8456
*Attorneys for Plaintiffs*
