# STEPHEN M. CANTOR, P.C.,
Attorney at Law

325 Broadway, Suite 502, New York, New York 10007-1187
Telephone 212 - 732 - 8456   Facsimile 212 - 732 - 8460

79 Pleasant Ridge Drive, West Hurley, New York 12491
Telephone 845 - 679 – 6516   Fax 845 – 679 – 3399

November 20, 2015

The Honorable. Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re:    A Settlement Trust Decision by Plaintiffs in the following case: G.M.M., a minor child by his mother and natural guardian, NIKI HERNANDEZ-ADAMS v. MARK KIMPSON
          Case No.: 1:13-cv-05059 JBW-SMG

Dear Judge Weinstein:

We have had ongoing discussions with Plaintiff Niki Hernandez-Adams and Joshua Mendez, G.M.M.'s parents, concerning the New York Rules for the settlement of claims by infants and impaired persons. They are aware that as plaintiffs they are to select an independent Structure Settlement Broker and also seek the advice of an independent professional to understand the legal, tax and the financial implications of the settlement, including any potential adverse consequences. However, after our discussions with Ms. Niki Hernandez-Adams and Joshua Mendez, based upon several factors, they have chosen to invest in a Structured Settlement trust, a portfolio of tax-free Municipal Bonds, with The Halpern Group ("Halpern"), located at 899 Mountain Avenue, Springfield, NJ 07081.

The Honorable. Jack B. Weinstein
November 20, 2015
Page Two

    Ms. Hernandez-Adams explains that her family has been familiar with The Halpern Group for thirteen years, after a serious accident, from which the plaintiff's sister was and still is the recipient of an investment with The Halpern Group. Her sister is very pleased with the service provided by Halpern as well as the income from that investment. Plaintiff Niki Hernandez-Adams and her husband, Joshua Mendez, wish to invest G.M.M.'s recovery in a similar trust investment for their infant son, Plaintiff Geronimo M. Mendez. The couple has reviewed the materials which we have provided to them, including "Rules for Settlement of Claims by Infants and Impaired Persons," by Paul A. Victor, Justice Supreme Court, State of New York, Bronx County. They also advise that they have carefully reviewed the material provided by Halpern, and discussed their options, at length. They understand the rules and the process.

    The couple has made their choice, largely because they are aware that when an annuity is purchased for a lump sum, the investor merely receives an income stream for a specific period of time, but there is no lump sum payment to the investor when the annuity expires. Conversely, when a trust of Municipal Bonds is purchased, the investor receives tax-free income until the maturity date of each bond, but then the investor receives the Par Value for each bond, which would be a considerable sum. They prefer that alternative for their child.

Therefore, the plaintiffs' respectfully request that they be permitted to invest the proceeds of their son's recovery at trial in a Structured Settlement trust with The Halpern Group, long term, for the benefit of their infant son without being required to seek the advice of any additional professionals.

Respectfully submitted,

*Stephen M. Cantor*

Stephen M. Cantor (SC 8690)
Steven K. Frankel (SF 4428)

SMC/dmc